IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA M. EZZIO,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br>    Defendant. | :<br>:<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   15-3363<br>:<br>:<br>: |

## ORDER

**AND NOW**, this 12th day of October 2016, after careful review and independent consideration of the administrative record, and of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket.

2. The Report and Recommendation is **APPROVED and ADOPTED**; and

3. This case is **REMANDED** to the Commissioner for further review consistent with the Report and Recommendation, pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1]

It is so **ORDERED**.

BY THE COURT:

*/s/ Cynthia M. Rufe*
CYNTHIA M. RUFE, J.

---

[1] The Magistrate Judge concluded that the ALJ erred in finding that Plaintiff's right hand impairment was non-severe. The Report and Recommendation's careful review of the objective medical findings recorded by Plaintiff's treating physicians and the consultative examiner supports the Magistrate Judge's determination that "it is impossible to say that the impairment had no more than a minimal effect" on Plaintiff's ability to work. Doc. No. 13 at 6. On remand, the ALJ is directed to continue beyond step two of the sequential process to assess Plaintiff's residual functional capacity. Respecting Plaintiff's fibromyalgia, the ALJ should take special note of the Magistrate Judge's recommendation to consider whether Plaintiff's complaints of widespread pain attributed to other disorders prior to January 2013 can fairly be attributed to her fibromyalgia. Additionally, the Court notes that the durational requirement is satisfied when an impairment "has lasted *or can be expected to last*" for a continuous, twelve-month period. 42 U.S.C. § 423(d)(1) (emphasis added); *see also* SSR 82-52. The ALJ may consider any updated medical information and the record as a whole to assess if, and when, Plaintiff's fibromyalgia could be expected to last twelve months. The ALJ may find a medical expert helpful to either (or both) of these inquiries.